# REPORTS OF CASES

### DETERMINED IN

# THE SUPREME COURT

#### OF THE

# STATE OF UTAH.

STATE OF UTAH, *ex rel.*, GEORGE NICHOLS, PLAINTIFF, *v.* A. N. CHERRY, JUDGE OF THE THIRD JUDICIAL DISTRICT COURT IN AND FOR SALT LAKE COUNTY, STATE OF UTAH, DEFENDANT.

LEGISLATURE—POWERS OF. CONST. SEC. 10, ART. 1,—SEC. 3129 R. S. 1898 VALID. JURY—HOW DEMANDED—UNDER SEC. 3129 R. S. 1898—RULE OF COURT—WHEN NULL AND VOID.

*Legislature—Powers of*
    The legislature may legislate upon any subject, as to which there is no constitutional restraint, or, as to which the paramount law does not speak.[1]

*Const. Sec. 10, Art. 1—Sec. 3129 R. S. 1898 Valid.*
    Section 3129 R. S. 1898, providing how, when and where a jury may be demanded, is not in violation of § 10, Art. 1, of the constitution, but is a proper exercise of legislative power and valid.

[1] Kimball *v.* Grantsville, 19 Utah, 368.

*Jury—How Demanded—Under Sec. 3129 R. S. 1898—Rule of Court—
When Null and Void.*

> Under Sec. 3129 R. S. 1898, providing that in a proper case, a jury
> may be demanded "orally in open court at the time of set-
> ting," and where such a case is called for setting three days
> before the commencement of a term, and a jury is demanded
> and the fees paid, the statute has been complied with, and
> notwithstanding a rule of court requiring such demand, at
> least five days before the commencement of a term, the party
> making such demand is entitled to a jury, for a rule of court
> imposing limitations and requirements not imposed by statute
> is null and void.

(Decided May 1, 1900.)

Original application in *mandamus* to compel the third
district court to allow a trial by jury after failure of appli-
cant to pay the jury fee as required by the rule of court.
*Writ issued:*

*Messrs. Ferguson & Cannon*, for petitioner, and *P.
L. Williams, Esq.*, for respondents.

BARTCH, C. J.

This is a proceeding in *mandamus*, original in this
court.    It appears from the petition that the relator is the
plaintiff in the case of *George Nichols* v. *Oregon Short
Line Railway Company*, which is pending in the district
court; that the action is one at law; that on February 3,
1900, the defendant herein called the same to have it set
for trial; that at the time of such setting the plaintiff ap-
peared and in open court orally demanded a jury and paid
to the clerk the "sum of $5, the amount of the jury fee
required by law;" that the judge of the court then and
there refused the demand of the plaintiff, and announced
that the case would be tried by the court without a jury;
and that the judge still insists that he will so try the cause

and refuses to permit the same to be set for trial before a jury.  An alternative writ of mandate was issued, and thereupon defendant filed a demurrer to the petition, on the ground that it does not state a cause of action.  The matter was argued and submitted for decision on the merits.

· The principal question is whether the plaintiff, in the action before the district court, waived a jury.  The defendant insists, and the court so held, that, under the provisions of the constitution and statute of this state, relating to such a case, and the rule of the district court, the plaintiff waived his right to a jury.  The plaintiff maintains that the statute and rule of the court, upon this subject, are in conflict with the constitution, but that, even if the statute is in harmony with that instrument, he has complied with both the statutory and constitutional provisions in his demand for trial by jury.

Section 10, Art. 1, of the constitution, as to this subject, provides:  "A jury in civil cases shall be waived unless demanded."

The case, which gave rise to this proceeding, is a civil action, and, therefore, falls within this provision of the fundamental law, which, however, as may be seen, contains no direction as to how, when or where the demand for a jury may or shall be made.  The command is simply that, in such a case, a jury "shall be waived unless demanded."  Therefore, the questions as to how, when and where such demand shall be made, are within the province of the legislature to determine, because upon any subject, as to which there is no constitutional restraint, or, as to which the paramount law does not speak, the legislature may legislate.  *Kimball* v. *City of Grantsville*, 19 Utah 368, 57 Pac. Rep. 1.

As to these questions the legislature, in section 3129,

R. S., provided, as follows: "Either party to an action of the kind enumerated in the preceding section who desires a jury trial of the same, or of any issue thereof, must demand it, either by written notice to the clerk prior to the time of setting such action for trial, or within such reasonable time thereafter as the court may order, or orally in open court at the time of such setting, and must at the same time deposit with the clerk the sum of five dollars; whereupon it shall be the duty of the court to order jurors to be in attendance at the time set for the trial of the cause. Money paid in accordance with this section shall be taxable as costs in the action. But the failure of a party who has demanded a jury to appear at the trial, shall be deemed a waiver of such demand."

The "preceding section," referred to in this section, relates to civil actions, and contains a clause similar to the above constitutional provision.

It will be noticed that, in the section quoted, the legislature provided how, when and where the demand may be made. According to the provisions contained therein, either party to a civil action may demand a jury by written notice or orally. If the demand be made by written notice, such notice must be given to the clerk, prior to the time of setting the action for trial, or within such reasonable time after such setting as the court may order; and if it be made orally, it must be done in open court at the time of such setting. In either case the demand, to be effectual, must be accompanied with a deposit of five dollars, and this deposit is doubtless to defray the expenses which will be occasioned because of the demand. If no demand be so made in writing or orally, or if a party, who has made demand properly, fail to appear at the trial, in either event, there will be a waiver of the jury. These provisions of the statute are not in violation of the consti-

tution, but are the proper exercise of legislative power, and, are, therefore, valid.

Under constitutional and statutory provisions like ours, the trial of a civil case, at law, by a jury, is a personal privilege, which either of the parties litigant may-exercise or not, as he chooses.

In the instance at bar, the petition shows that the plaintiff, orally in open court, at the time of setting the case for trial, demanded a jury and paid the sum of five dollars, receiving the clerk's receipt therefor. This was clearly a compliance with the statute, and entitled the plaintiff to have the case tried before a jury. The fact that rule 9 of the court required the five dollars to be paid, and the demand to be made five days before the term cannot avail the defendant in this case. Such rule cannot control where the setting of causes is made within less than five days before the commencement of the term, because under the statute, as we have seen, the deposit of the jury fee may be made at the time of the setting, when the demand is made. In so far as rule 9 imposes limitations and requirements as to the right of trial by jury not imposed by the statute, it is null and void. If, however, the demand and the deposit had not been made in accordance with the statute, the jury would have been waived.

Principles and questions, similar to those herein considered have been applied and decided likewise by other courts. *Hillman* v. *McWilliams*, 70 Cal. 447; *Farwell* v. *Murray*, 104 Cal. 464; *Knight* v. *Farrell*, 113 Ala. 258; *Plank-Road Co.* v. *Hopkinson*, 69 Mich. 10; *Chaston* v. *Martin*, 81 N. C. 51; *Sale* v. *Meggett*, 25 S. C. 72; *Gleaves* v. *Davidson*, 85 Tenn. 380; *Graham* v. *Lord*, 170 Mass. 1; *Conneau* v. *Geis*, 73 Cal. 176.

We are of the opinion that the plaintiff properly exercised his privilege to have the case tried before a jury, and

a peremptory writ of mandate must, therefore, issue, commanding the defendant herein to grant a trial by jury. It is so ordered.

Miner, J. and Baskin, J. concur.