STATE ex rel. OLE O. STYVE and Others v. NATHAN KINGSLEY.[1]

January 10, 1902.

Nos. 12,877—(209).

**Bills of Peace—Trial by Jury.**

> In equitable actions in the nature of bills of peace or to prevent multiplicity of suits the parties defendant are not, as a matter of right, under article 1, section 4, of the state constitution, entitled to have issues of fact submitted to a jury.

Petition to the supreme court by Ole O. Styve and others for a writ of mandamus directed to the Honorable Nathan Kingsley, Judge of the Tenth judicial district, requiring him to submit to a jury certain issues of fact raised in the case of City of Albert Lea against Jens P. Nielsen and others. Petition dismissed.

*J. A. Sawyer* and *John Anderson,* for relators.

*C. S. Edwards, H. C. Carlson* and *H. H. Dunn,* for respondent.

LEWIS, J.[2]

The complaint in this action was sustained in City of Albert Lea v. Nielsen, 83 Minn. 246, 86 N. W. 83. The facts are there fully set forth in the opinion, and the decision rests upon the proposition that the city and public generally took possession of the dam and the body of water affected by it, not only upon invitation, but at the request, of the several defendants, who released all rights to the submerged lands; and that such acts of release or dedication appeared to have been performed jointly and simultaneously. Upon the theory, therefore, that there was a community of interests between the parties defendant upon the question of dedication and relinquishment, it was held that the court had equitable jurisdiction to determine in one action the rights of all parties affected by those common interests. The cause having been remanded, the defendants severally served answers to the complaint, putting in issue the city's right to maintain the dam and denying relinquishment, waiver, or dedication by them, and when the cause came on

[1] Reported in 88 N. W. 742.          [2] LOVELY, J., took no part.

for trial defendants moved the court for the submission to a jury for decision of certain issues of fact.

So far as the record discloses, the following issues were tendered on behalf of one of the defendants,—Ole O. Styve:

"1. Did the defendant Ole O. Styve dedicate to the public or to the city of Albert Lea all his lands described in the pleadings which are, or have been at any time since 1889 and 1890, when the city assumed control, flowed? .

2. Did either of the grantors of said Styve at any time dedicate all said lands? If yes, then who, and when?

3. Did the city at any time raise the dam above its height at the time in 1889 or 1890, when it assumed control?

4. As against the city, is said defendant Styve estopped from maintaining his action to recover damages from the flowing and saturation of his said lands?

5. Has he at any time released to the city the right of damages for the flowage and saturation thereof?"

Upon the refusal of the court to submit these issues, application is made here by petition in mandamus to review its ruling.

The various pending damage suits against the city were strictly legal actions, and the ultimate questions of fact at issue were authority of the city to maintain the dam, relinquishment of damages, dedication of owners, and amount of damages in each particular case. In the present case defendants made demand for a submission of the questions of fact to a jury as a matter of right under the provisions of section 4, article 1, of the state constitution, viz.:

"The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy."

It is argued that, because the damage suits were actions at law, the questions of fact at issue in those cases must be tried by a jury. Relator admits the court's equitable jurisdiction to unite all of the parties plaintiff in those actions for the purpose of determining in one suit the questions of common interest as between them and the city, and yet denies its power, under the state constitution, to change the method of determining those facts, and insists that defendants have the strict legal right to have sub-

mitted to a jury all questions of fact necessarily involved and at issue in the actions at law.

It is doubtful whether the questions of fact submitted were within the issues tendered by the complaint, viz., the common interests between all the defendants and the city; but, giving relator the benefit of the doubt, we shall consider whether, under any circumstances, the court, as a matter of right, was compelled to submit to a jury any issues in the equitable action. Those pending actions against the city were for the recovery of money, and the issues there presented were of fact, which, under G. S. 1894, c. 66, tit. 14, were for a jury to pass upon; but it does not follow that issues of fact arising in the present suit must also be determined by a jury. The relator has misapprehended the relation of the two cases.

The issues of fact arising in the individual damage suits against the city were those questions which were pertinent and applicable in each separate case as between plaintiff and defendant, considered individually and singly, while the issue of fact presented in the case under consideration is not whether each defendant had personally relinquished his damages and dedicated his land, but did all of the defendants, acting jointly, make such relinquishment and dedication? In other words, upon a trial of the issues of fact in each of the damage suits it was immaterial whether the other owners made such relinquishment and dedication, the controversy involving only each individual plaintiff; whereas in this action it is not a question of what the individual plaintiff did upon his own account, but what they all did in that respect by their joint action. Relator's claim that he is entitled, as a matter of right, under the constitution, to a trial by a jury of the questions of fact in this case, is answered by the admission that the court has jurisdiction to determine, as between the city and the various defendants, whether or not there was such unanimous action.

The constitutional provision referred to was not adopted for the purpose of extending the right of jury trial, but merely to preserve the rights already existing by virtue of statute or common law. As stated in the case of Whallon v. Bancroft, 4 Minn. 70 (109): "The effect of this clause in the constitution is: First, to

recognize the right of trial by jury as it existed in the territory of Minnesota at the time of the adoption of the state constitution; and, second, to continue such right unimpaired and inviolate. It neither takes from or adds to the right as it previously existed, but adopts it unchanged." Chapter 66, tit. 14, supra, was a part of the territorial law when the constitution was adopted. What "trial by jury" is has been well stated in Lommen v. Minneapolis G. Co., 65 Minn. 196, 209, 68 N. W. 53: "What is 'trial by jury,' to which the constitution refers? The constitution nowhere defines it. The question is an historical one, for an answer to which reference must be had to 'jury trial' as known at common law and as it existed in the territory of Minnesota at the time of the adoption of the constitution. From Whallon v. Bancroft, 4 Minn. 70 (109), down to its latest utterance on the subject, this court has always held that the effect of this clause in the constitution is: First, to recognize the right of trial by jury as it then existed in the territory; and, second, to continue such right unimpaired and inviolate. In all former cases the question was, in what cases are parties entitled to a trial by jury? And the answer has always been, in those cases in which they were entitled to jury trial by the laws of the territory at the time of the adoption of the constitution."

Applying the principle that the constitution did not extend, but only preserved as it before existed, the right of trial by jury, it cannot be said that the section referred to aimed to restrict the method of trying equitable actions. The equitable jurisdiction invoked in this case existed at the common law, and the practice thereunder was well established at the time our constitution was adopted. Under that practice the questions of fact arising in such cases were tried by the court, or under its direction, and not by a jury. The statute referred to, providing for the trial of issues, was enacted with a view to preserving the law as it then was, and not to change or extend it. Therefore the issues of fact presented in the case under consideration are to be determined, as in any other equity case, in the discretion of the trial court, and relator is not entitled, as a matter of right, to have issues of fact submitted to a

jury, either with reference to the individual relation of each defendant to the city or with reference to the joint relation of all the defendants upon the question of relinquishment and dedication.

The petition is dismissed, and the order to show cause discharged.