THE STATE OF UTAH, ex relatione FRED HANSEN, JOSEPH HANSEN, HENRY HANSEN and LEO HANSEN, Relators, v. CHARLES H. HART, as Judge of the District Court, First Judicial District, Box Elder County, State of Utah, Respondent.

No. 1412.    (72 Pac. 938.)

1. Jury: Trial by Jury: Action at Law: Equity Relief.
   The complaint in an action alleged that plaintiffs were the owners and in possession of certain land; that defendants on or about

a specified date, and repeatedly prior thereto, forcibly entered thereon, destroying the fences and property of plaintiffs, allowing their cattle to escape therefrom, and disturbing plaintiffs in their use thereof; that defendants are insolvent, and threaten to go on the premises and destroy the fences whenever they please—and prayed for a judgment in a certain sum for damages and that defendants be enjoined from entering on the premises.    Defendants answered, denying the allegations, and averred that for more than twenty years there had been a .highway over the premises, and that they entered on the premises only as was necessary in traveling on the highway.   *Held*, to constitute an action at law, either party to which was entitled, notwithstanding the prayer for injunctive relief, to have the legal issues submitted to a jury.

2.   **Same:  Refusal to Grant Jury Trial: Mandamus: Proper Remedy.**

Where the district court refuses to grant a jury trial in an action at law on demand duly made, mandamus will issue.[1]

(Decided July 1, 1903.)

Application by the State on the relation of Fred Hansen and others for a writ of mandamus against Charles H. Hart, Judge of the First Judicial District Court, Box Elder county.

WRIT ISSUED.

*C. S. Patterson, Esq.,* and *G. W. Moyer, Esq.,* for relators.

*Lindsay R. Rogers, Esq.,* and *W. D. Riter, Esq.,* for respondent.

MORSE, District Judge.—This is a proceeding in mandamus, original in this court.   It appears from the affidavit of the relators that they are defendants in an action pending in the First District Court in and for Box Elder county; that prior to the setting of the said cause for trial, and before the same had ever been called for trial or for setting, and they never having waived a

---

[1]State ex rel. Nichols v. Cherry, 22 Utah 1, 60 Pac. 1103.

jury trial therein, the relators paid to the clerk of said district court the jury fee required by law, and at the same time demanded a jury trial of said cause; that the judge of said district court refused such demand, and announced that the cause would be tried by the court without a jury; and that said judge threatens to and will, unless controlled by this court, set said cause down for trial and will proceed to try the same without a jury. And it is alleged by relators that said action is an action at law, in which they are entitled to a jury as provided by section 10, article 1, of the Constitution of this State. An alternative writ of mandate was issued, and the defendant filed a demurrer to the affidavit upon which such writ was based, on the ground that the same does not state facts sufficient to entitle the relators to the relief sought. The matter was argued and submitted for decision on the merits.

In plaintiffs' complaint in the district court it is alleged that at all the times mentioned therein the plaintiffs were the owners and lawfully in possession of sixteen sections of land situate in Box Elder county, that said lands were used by plaintiffs for grazing and agricultural purposes, and were wholly, or nearly all, inclosed by wire fences, and the plaintiffs were grazing a large number of cattle on said premises within such inclosures; that on or about February 14, 1902, and repeatedly prior thereto and about said date the defendants unlawfully and without the consent of plaintiffs, and against their orders, forcibly entered upon said premises, cutting and destroying the fences inclosing the same, destroying the grass and property of the plaintiffs, and allowing their cattle to escape from their said premises; and that said defendants, when ordered to keep off said premises by the servants and employees of plaintiffs, refused to obey said orders, and went in and upon said premises by threats of personal injury to said servants, and by force and with a strong hand then and there disturbed plaintiffs in the use and occupation of said land, and prevented them from en-

joying the same, to their damage in the sum of $1,000. It is further alleged in said complaint that the defendants are insolvent, and unable to respond to any damages to plaintiffs for injuries done and threatened, and that the defendants threaten that they will go in and upon said premises, and cut and destroy the fences of plaintiffs, whenever they please, and that the damages the defendants threaten to do are without estimation and uncertain as to amount, and are therefore likely to cause irreparable damage to plaintiffs, for which they have no adequate remedy at law. And they pray for a judgment against the defendants for the sum of $1,000 damages, and for costs of the action, and, further, that the defendants be enjoined from entering upon the premises of plaintiffs, and from cutting, taking down, or destroying the fences thereon. The defendants answered, denying all the allegations of the complaint, and alleging that for more than twenty years there has been a public highway crossing a portion of the land described in plaintiffs' complaint, which highway has been continually used as a public thoroughfare during all of said time to the present, and is now so used, and deny that they entered upon any of the lands described in plaintiffs' complaint, except such as must of necessity be crossed in traveling along said public highway.

It is conceded by the respondent that, if this be an action at law, the defendants are undoubtedly entitled to a jury trial; but respondent contends that, because an injunction is sought, the action is one in equity, and therefore defendants are not entitled to a jury trial. Under the issues presented by the pleadings, the action is one of trespass *quare clausum fregit,* and as such is a law action, and, although in the action application is made to the court to exercise its equity powers in granting injunctive relief, this is not sufficient to deprive either party of his rights to have the legal issues submitted to a jury. In State ex rel. Nichols v. Cherry, 22 Utah 1, 60 Pac. 1103, it was held that where the

district court refuses to grant a jury trial, in an action at law, upon demand seasonably made, a peremptory writ of mandate will be granted to compel the lower court to grant a trial by jury.

The defendants having complied with all the requirements of the statute to entitle them to a jury trial, a peremptory writ of mandate must therefore issue, commanding the district court to grant a jury trial.

BASKIN, C. J., and BARTCH, J., concur.