STANCLIFT *et al.* v. SWINGLE.

No. 1169.   Opinion Filed November 14, 1911.

Rehearing Denied December 12, 1911.

(120 Pac. 252.)

1.   **CONSTITUTIONAL LAW** — Operation — Self-Executing Provisions.   That portion of sec. 9, art. 7, of the state Constitution providing for the election of district judges pro tempore is not self-executing.

2.   **JUDGES** — Special Judges — Election — Validity of Proceedings.   Prior to the passage of the act approved March 22, 1909 (article 6, ch. 24, Comp. Laws 1909) no provision having been made by law whereby a judge pro tempore could be selected in the event of the disqualification of the regular judge, a special judge elected by the members of the bar present, and which election was opposed by one of the parties to the action, was not a judge either de jure or de facto, and a trial had before him was a nullity.

(Syllabus by Ames, C.)

*Error from District Court, Tulsa County; P. L. Thurman, Special Judge.*

Action by A. G. Swingle against Timothy M. Stanclift and another, to declare a resulting trust.   From a judgment for plaintiff, defendants bring error.   Reversed and remanded.

On October 23, 1907, defendant in error, A. G. Swingle, filed in the United States court for the Western district of the In-

dian Territory at Tulsa his complaint in equity against plaintiffs in error, Timothy M. Stanclift and Francis R. Brennan, and thereafter, and on, to wit, April 9, 1908, filed an amended complaint; issues thereon being joined by answer. The regular judge having been disqualified by defendants, the following, among other, proceedings were had:

"On April 9, 1908, at 1:30 p. m., this case coming on to be heard in its order upon the trial docket of said court for said term, and the regular judge being disqualified from sitting in said cause, the court ordered the members of the bar present to elect a judge *pro tempore* to try said case, and P. L. Thurman, Esq., one of the members of the bar in the courtroom was declared elected. Said Thurman then verbally took the oath in open court before the regular judge contained in article 15, sec. 1, of Oklahoma Constitution, and signed a written copy of said oath and filed it with the papers in this case. The defendants opposed the election of a special judge, and gave their reasons, which were set forth in the journal entry. The defendants' objections were overruled by the court, and the defendants excepted."

In November thereafter the case was tried by Special Judge Thurman, and a judgment rendered in favor of plaintiff and against defendants. Motion for new trial was overruled, exceptions taken, and the case is brought here for review.

*Francis R. Brennan,* for plaintiffs in error.

*Allen & Nichols,* for defendant in error.

Opinion by SHARP, C. (after stating the facts as above). Counsel for plaintiffs in error, in his petition in error and in the assignment of error contained in his brief, sets out numerous assignments of error, only one of which is necessary to consider: Was there any warrant in law for the election of a special district judge on April 9, 1908?

The latter part of section 9, art. 7, of the Oklahoma Constitution, reads:

"In the event any judge shall be disqualified for any reason from trying any case in his district, the parties to such case may agree upon a judge *pro tempore* to try the same, and if such parties cannot agree, at the request of either party a judge *pro tempore* may be elected by the members of the bar of the district present at such term. If no election for judge *pro tempore* shall

be had, the Chief Justice of the state shall designate some other district judge to try such case."

Was this provision of the Constitution self-executing? In *Cowart v. State,* 4 Okla. Cr. 122, 111 Pac. 672, it was held in the negative, and this construction was followed by this court in *Spade v. Morton et al.,* 28 Okla. 384, 114 Pac. 724, in which case, Hayes, J., speaking for the court, said:

"In *Cowart v. State,* 4 Okla. Cr. 122, 111 Pac. 672, the Criminal Court of Appeals of this state held the foregoing provision of the Constitution authorizing the election of judges *pro tempore* not to be self-executing. Without repeating the reasoning of the court upon which it reached such conclusion, it will suffice to say, we think, that both the conclusion reached and the reason given in support thereof are sound."

Here, as in *Cowart v. State, supra,* the election of a special judge to try the case was opposed by counsel representing the defendants below, and, while the reasons given for the objections made, and which are set out *in extenso* in the journal entry, do not include the fundamental objection of jurisdiction, at the same time, the reasons assigned affirmatively show a want of consent, even though in such case consent would confer jurisdiction, a question which we do not attempt to here determine. Having objected to the authority of the special judge to try the case, the subsequent participation in the trial constituted no waiver of defendants' rights.

It will be observed that the selection of the special judge and the trial of the cause were had before the passage of the act of the Legislature of March 22, 1909 (article 6, ch. 24, Comp. Laws 1909), providing for the selection and appointment of special judges, or judges *pro tempore,* when the regular trial judge should be disqualified.

We conclude that the special judge was without authority of law to hear and determine said action; therefore the case should be reversed and remanded.

By the Court: It is so ordered.

All the Justices concur.