McKEE *et al.* v. De GRAFFENREID *et al.*

No. 3555.   Opinion Filed May 14, 1912.

(124 Pac. 303.)

1.   **MANDAMUS — Subjects of Relief — Trial by Jury.**   Mandamus
     may issue to require a judge of the district court to grant a "per-
     son accused of violating or disobeying, when not in the presence
     or hearing of the court, or judge sitting as such, any order of
     injunction, or restraint made or entered by" such court or judge,
     a trial by jury, "before penalty or punishment is imposed."

2.   **CONSTITUTIONAL LAW—Operation and Effect—Self-Executing
     Provisions.**   The proviso to section 25, art. 2 (Bill of Rights), of
     the Constitution, providing "that any person accused of violating
     or disobeying, when not in the presence or hearing of the court,
     or judge sitting as such, any order of injunction, or restraint made
     or entered by any court or judge of the state shall, before pen-
     alty or punishment is imposed, be entitled to a trial by jury as
     to the guilt or innocence of the accused," is effective, and, as
     supplemented by the provisions of the common law as to con-
     tempts, which is in force in this state by statute (section 5534,
     Comp. Laws 1909), and the statutory provisions of our Code rela-
     tive to jury trials, supplies a sufficient rule by means of which
     the right given under said proviso may be exercised or enforced.

(Syllabus by the Court.)

Original action in mandamus by C. F. McKee and others
against R. P. De Graffenreid and others.   Writ granted.

*Blakeney, Maxey & Miley,* for plaintiffs.

*Kistler, McAdams & Haskell,* for defendants.

WILLIAMS, J.   The plaintiffs, C. F. McKee, S. McKee,
and F. McKee, were duly charged with violating or disobeying,
when not in the presence or hearing of the court or judge, an
order of injunction or restraint made or rendered by the court or
the judge of the said court.   Said plaintiffs in due time demanded
a trial by jury as to their guilt or innocence of the charge, which
was denied.   This proceeding in error is brought that the judge
of said court may be required to grant said plaintiffs a trial by
jury, as provided by section 25, art. 2 (Bill of Rights), of the

Constitution of this state. It is essential to determine (1) whether mandamus is the proper remedy, and (2) whether said section 25 is self-enforcing.

1. It is settled in this jurisdiction that a party adjudged guilty of contempt may prosecute an appeal from such order or judgment. *Smythe v. Smythe,* 28 Okla. 266, 114 Pac. 257. On review, this court will determine whether any error has been committed against the party appealing, and, if so, and a substantial right is involved, a reversal will follow.

In *Gompers et al. v. Bucks Stove & Range Co.,* 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, it is said:

"Contempts are neither wholly civil nor altogether criminal. And 'it may not always be easy to classify a particular act as belonging to either one of these two classes. It may partake of the characteristics of both.' *Bessette v. W. B. Conkey Co.,* 194 U. S. 329, 24 Sup. Ct. 665, 48 L. Ed. 1002. But in either event, and whether the proceedings be civil or criminal, there must be an allegation that in contempt of court the defendant has disobeyed the order, and a prayer that he be attached and punished therefor. It is not the fact of punishment, but rather its character and purpose, that often serve to distinguish between the two classes of cases. If it is for civil contempt, the punishment is remedial, and for the benefit of the complainant. But if it is for criminal contempt, the sentence is punitive, to vindicate the authority of the court. It is true that punishment by imprisonment may be remedial as well as punitive; and many civil contempt proceedings have resulted, not only in the imposition of a fine, payable to the complainant, but also in committing the defendant to prison. But imprisonment for civil contempt is ordered where the defendant has refused to do an affirmative act required by the provisions of an order which, either in form or substance, was mandatory in its character. Imprisonment in such cases is not inflicted as a punishment, but it is intended to be remedial by coercing the defendant to do what he refused to do. The decree in such cases is that the defendant stand committed until he performs the affirmative act required by the court's order. For example: If a defendant should refuse to pay alimony, or to surrender property ordered to be turned over to a receiver, or to make a conveyance required by a decree for specific performance, he could be committed until he complied with the order. * * *"

See, also, *In re Merchants' Stock & Grain.Co. et al., Petitioners,* 223 U. S. 639, 32 Sup. Ct. 339, 56 L. Ed. ——.

In *Ex parte Gudenoge,* 2 Okla. Cr. 110, 100 Pac. 39, section 2125, Wilson's Rev. & Ann. St. 1903, dividing contempts into two classes, direct and indirect, and defining direct contempt as consisting of "disorderly and insolent behavior committed during the session of the court and in its immediate view and presence, and the unlawful and willful refusal of any person to be sworn as a witness," was considered by the Criminal Court of Appeals on the assumption that it was brought over by virtue of the Schedule to the Constitution; the question not being directly passed upon.

In *Smythe v. Smythe, supra,* this question was considered, and, under the authority of *Smith v. Speed,* 11 Okla. 95, 66 Pac. 511, 55 L. R. A. 402, wherein said act was held to be in conflict with the organic act and therefore void, it was held that such section was not continued in force after the erection of the state. See *De Graff v. State,* 2 Okla. Cr. 519, 103 Pac. 538. In this state the common-law rule as to contempts now applies. In either civil or criminal contempt, punishment by imprisonment may be imposed. That being so, would an appeal be an adequate remedy?

In *Evans v. Willis, County Judge,* 22 Okla. 310, 97 Pac. 1047, 19 L. R. A. (N. S.) 1050, 18 Ann. Cas. 258, it is said:

"There is no general rule by which the adequacy or inadequacy of a remedy can be ascertained; but the question is one to be determined upon the facts of each particular case. The writ will not be issued on account of the inconvenience, expense, or delay of other remedies, but will be granted where the remedy available is insufficient to prevent immediate injury or hardship to the party complaining, particularly in criminal cases. 16 Enc. Pl. & Pr. p. 1131, and authorities cited in footnotes 1 and 2. It appears that in criminal cases neither appeal, *habeas corpus,* nor *certiorari* would be a plain, speedy, or adequate remedy. 16 Enc. Pl. & Pr. p. 1132, and authorities cited in footnote 1."

See, also, *Herndon v. Hammond,* 28 Okla. 616, 115 Pac. 775.

It seems to be settled in this jurisdiction that the remedy afforded by appeal is not adequate where a party may be imprisoned.

In *Bardstown v. Hurst,* 121 Ky. 119, 89 S. W. 147, 724, the petitioner was being prosecuted for the violation of an ordinance of a municipal corporation in territory which had been illegally annexed to the city ; the illegality consisting in the invalidity of the ordinance annexing the same.    The court held that a writ of prohibition would issue to restrain the prosecution.

In *State v. Moultrieville,* Rice (S. C.) 158, the court held that a writ of prohibition would issue to restrain the collections of fines imposed for violations of a municipal ordinance, where the court imposing the same, by reason of the amount involved, had no jurisdiction of the case.

It has been held that a prosecution for the violation of a town ordinance is a civil and not a criminal action.    *Fortune v. Incorporated Town of Wilburton,* 5 Ind. T. 252, 82 S. W. 738, 5 Ann. Cas. 287; *Id.,* 142 Fed. 114, 73 C. C. A. 338, 4 L. R. A. (N. S.) 782, 6 Ann. Cas. 565; *Everts v. Town of Bixby,* 24 Okla. 176, 103 Pac. 621.

True we have held that a writ of mandamus would not lie to compel a justice of the peace to reverse his erroneous ruling in denying an application for a change of venue, for the reason that defendants had a plain and adequate remedy by appeal (*Winfrey v. Benton et al.,* 25 Okla. 445, 106 Pac. 853) ; but in a contempt proceeding, whether criminal or civil action, the court may impose imprisonment.

If the plaintiffs, or relators here, are entitled to a jury trial, and they are remitted solely to the right of appeal for the correction of error, though it be a civil contempt, they would be put to the same inconvenience and danger of imprisonment as in case of conviction in a criminal action.

In *Carpenter v. County Commissioners of the County of Bristol,* 21 Pick. (Mass.) 258, it was held that mandamus will lie to compel the granting of a trial by jury in a civil action, where the party would not have a plain and adequate remedy by appeal.

In Utah, mandamus has been awarded in civil actions to require the trial court to permit the relator to have a jury trial, without the question as to mandamus being a proper remedy be-

ing raised. *State ex rel. Hansen v. Hart,* 26 Utah, 229, 72 Pac. 938; *Nichols v. Cherry,* 22 Utah, 1, 60 Pac. 1103.

The same reason exists for invoking such extraordinary remedy in case of civil contempt as in criminal actions. Therefore we hold that mandamus is a proper remedy in this proceeding.

2.  Is section 25, art. 2 (Bill of Rights), of the Constitution self-executing or self-enforcing?

Section 5534, Comp. Laws 1909 (section 3874, St. Okla. 1893), provides:

"The common law, as modified by constitutional and statutory law, judicial decisions and the conditions and wants of the people, shall remain in force in aid of the General Statutes of Oklahoma.   *   *   * "

This statute remained in force after the erection of the state by virtue of section 2 of the Schedule, except as it may have been rendered inapplicable on account of local conditions. By this section, the common law as to contempt, which was in force in the territory of Oklahoma, continued with the limitations therein imposed after the erection of the state.

Under section 25, art. 2 (Bill of Rights), and section 2 of the Schedule to the Constitution, the common law as to contempts, as modified by the proviso contained in said section 25, to wit, "that any person accused of violating or disobeying, when not in the presence or hearing of the court, or judge sitting as such, any order of injunction, or restraint made or entered by any court or judge of the state shall, before penalty or punishment is imposed, be entitled to a trial by jury as to the guilt or innocence of the accused," remained in force after the erection of the state. *Bowman v. Bilby,* 24 Okla. 735, 104 Pac. 1078; *Apache State Bank v. Daniels,* 32 Okla. 121, 121 Pac. 237.

Under our Code, complete procedure is prescribed for a trial by jury in criminal cases. Article 7, 8, 9, 10, and 11 of chapter 89, Comp. Laws 1909. Such is also the case as to civil actions. Chapter 55 and article 14 of chapter 87, Comp. Laws 1909. See, also, section 21 of article 7 of the Constitution.

The proviso to said section 25, art. 2 (Bill of Rights), of the Constitution of this state, is effective, and, as supplemented by the

provisions of the common law as to contempts, which is in force in this state by statute (section 5534, Comp. Laws 1909), and the statutory provisions of our Code relative to juries and jury trials, supplies a sufficient rule by means of which the right given under said proviso may be exercised or enforced. *Ex parte McNaught,* 23 Okla. 285, 100 Pac. 27; *Ex parte Wagner,* 21 Okla. 33, 95 Pac. 435, 18 Ann. Cas. 197; *State ex rel. Reardon v. Scales,* 21 Okla. 683, 97 Pac. 584; *Spade v. Morton et al.,* 28 Okla. 384, 114 Pac. 724; *Smith v. Harrod,* 29 Okla. 3, 113 Pac. 1015; *Tilley v. Overton,* 29 Okla. 292, 116 Pac. 945; *Cowart v. State,* 4 Okla. Cr. 122, 111 Pac. 672.

It follows that the plaintiffs (relators) were entitled to a trial by jury. If, on being advised as to the conclusion herein reached, an order is not entered in the court below granting the relators a trial by jury as to such issue, the writ will issue.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.