# STATE ex rel. WILLIAM C. PRALL v. DISTRICT COURT OF WASECA COUNTY.[1]

### July 17, 1914.

### Nos. 18,810—(276).

**Mandamus — refusal of court to entertain its jurisdiction.**

1. Mandamus is a proper remedy to compel a court to proceed with the trial of an action, of which it has jurisdiction, when it refuses to proceed upon the ground that it is within its discretion to decline to exercise jurisdiction, when in fact it is without such discretion.

**Same — violation of Federal Constitution.**

2. The refusal of a court to entertain jurisdiction of an action brought in Minnesota by a citizen of Iowa, upon a transitory cause of action for a tort committed there, against a railway company incorporated in Illinois, having a line of railway in Iowa and Minnesota, and doing business in each, and subject to the service of process and jurisdiction in each, is in violation of section 2 of article 4 of the Federal Constitution granting to the citizens of each state the privileges of citizens in the several states.

Upon the relation of William C. Prall this court issued an order directing the district court for Waseca county and Arthur P. Childress, judge of that court, to show cause why a peremptory writ of mandamus should not issue requiring the court to proceed with the

[1] Reported in 148 N. W. 463.

trial of the action mentioned in the opinion. A demurrer to the petition was overruled, with leave to raise the objection that mandamus was not the proper remedy with like effect as if no ruling had been made on the demurrer. The return set up the facts stated in the opinion. Writ granted.

*Hall, Tautges & Loeffler,* for relator.

*Brown, Abbott & Somsen,* for respondent.

DIBELL, C.

This is an original application in this court for a writ of peremptory mandamus to compel the district court of Waseca county to proceed with the trial of an action brought by the relator William C. Prall against the Chicago & North Western Railway Co. The action is for personal injuries. It is based upon the Federal Employer's Liability Act. The district court has jurisdiction of the subject-matter and personal jurisdiction of the defendant. The case came on for trial at Waseca on March 27, 1914. A jury was impanelled. The defendant moved the court to decline jurisdiction. The grounds of the motion, and the facts appearing, are substantially these: That the action is in tort; that it arose in the state of Iowa; that the plaintiff is a citizen of Iowa and a resident of Clinton; that the defendant is incorporated under the laws of the state of Illinois; that it has a line of railway passing through Clinton, and could be served there, and subjected to the jurisdiction of the courts of Iowa; that it is not a citizen of Minnesota; that it has a line of railway therein; and that it is subject to jurisdiction there.

The court was of the opinion that it had discretion to decline jurisdiction and granted the motion without a more formal disposition of the case than that indicated.

The questions presented are these:

(1) Is mandamus the proper remedy?

(2) Could the district court in the exercise of discretion decline to exercise jurisdiction?

1. The respondent contends that mandamus is not the appropriate remedy. Upon this point the authorities are in conflict; or, if the general principles of law are recognized in all, there is a lack of

uniformity in application. Considerations of convenience and effectiveness sometimes determine the application.

Mandamus is an extraordinary remedy. It is not needed if there is an adequate remedy in the ordinary course of law. Its purpose is not to correct errors and it is not the substitute for an appeal. It will compel judicial action and the exercise of jurisdiction. It will not direct the manner of its exercise or control judicial discretion.

The relator had a remedy by appeal. Though the trial terminated without a formal order, the relator could easily have obtained one from which an appeal would lie.

Counsel for the respondent cited ample authority for their proposition that in such a case as is presented the error of the court, if it was in error in refusing to entertain jurisdiction, must be corrected by appeal and cannot be corrected by mandamus. See State v. Second Judicial District Court, 17 N. M. 282, 127 Pac. 26, and State v. District Court, 13 N. D. 211, 100 N. W. 248, and cases cited therein. The briefly considered case of State v. Secrest, 33 Minn. 381, 23 N. W. 545, is in aid of their contention.

We are of the opinion, however, that when there is no discretion in the district court to decline jurisdiction, and the question arises at the commencement of the trial, and the record properly presents the question, mandamus is an appropriate remedy. We are not without authority. See Golden Gate Tile Co. v. Superior Court, 159 Cal. 474, 114 Pac. 978, and cases cited.

This is in accord with the tendency of the cases. Mandamus lies to determine the place of trial of a civil action, though the question is one of legal difficulty upon which the trial court must pass, and though the question of error in the decision may be raised on appeal. State v. District Court of Meeker County, 77 Minn. 302, 79 N. W. 960. So mandamus lies to compel the district court to exercise its discretion, though the court exercises its judgment in determining whether discretion is reposed in it, and though the relator might have relief on appeal. State v. Otis, 58 Minn. 275, 59 N. W. 1015. It lies to compel the court to grant a jury trial, though the court, in the exercise of its judgment, is of the opinion that the relator is not

entitled to a jury (State v. Hart, 26 Utah, 229, 72 Pac. 938); but the writ will not issue to compel the district court to submit issues to a jury, such submission being a matter of discretion. State v. Kingsley, 85 Minn. 215, 88 N. W. 742.

If, then, the district court was without discretion to refuse to proceed with the trial a peremptory writ should issue; and this is our next inquiry.

2. Section 2 of article 4 of the Federal Constitution is as follows:

"The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

By the decisions the word "privileges" refers to such as are in their nature fundamental and belong of right to the citizens of free governments; and among them is the privilege of a citizen of one state to resort to the courts of another state as citizens of such state may do. Thus, in Chambers v. Baltimore & O. R. Co. 207 U. S. 142, 28 Sup. Ct. 34, 52 L. ed. 143, the court, in referring to the constitutional right of the citizen of one state to sue in the courts of another, said:

"It is one of the highest and most essential privileges of citizenship, and must be allowed by each state to the citizens of all other states to the precise extent that it is allowed to its own citizens. Equality of treatment in this respect is not left to depend upon comity between the states, but is granted and protected by the Federal Constitution. * * *

But, subject to the restrictions of the Federal Constitution, the state may determine the limits of the jurisdiction of its courts, and the character of the controversies which shall be heard in them. The state policy decided whether and to what extent the state will entertain in its courts transitory actions, where the causes of action have arisen in other jurisdictions. Different states have different policies and the same state may have different policies at different times. But any policy the state may choose to adopt must operate in the same way on its own citizens and those of other states. The privileges which it affords to one class it must afford to the other. Any law by which privileges to begin actions in the courts are given to its own citizens and withheld from the citizens of other states is void, because in conflict with the supreme law of the land."

If it were the policy of this state, evidenced by the decisions of its courts or fixed by statute, to close its courts, both as to citizen plaintiffs and noncitizen plaintiffs, against transitory causes of action for torts committed in·other states, a refusal to entertain jurisdiction would not violate the Constitution. Such is not the policy of this state. If a citizen of our state has a cause of action for a tort committed against him in Iowa by the North Western Railway Co. the doors of our courts are not closed against him.

The. question for decision is made plain and its solution certain if we make and answer this inquiry: Why is the relator denied access to our courts. It is not because of the nature of his cause of action. It is not because it arose in Iowa. It is because he is a citizen of Iowa. Therefore the refusal is violative of the Constitution. It is not a matter of comity. There is no question of discretion.

In the Chambers case three of the justices dissented. The conclusion which we have reached is the necessary result of both the prevailing and dissenting opinions. The subject easily lends itself to an exhaustive discussion and review of the authorities. It is not worth the while. The one case cited, from the court of final authority, concisely determines the question. There was no discretion in the district court to decline the exercise of jurisdiction.

Let a peremptory writ issue.