## STATE EX REL. H. N. BORIGHT v. DISTRICT COURT OF STEELE COUNTY AND ANOTHER.[1]

August 16, 1929.

No. 27,615.

*Davis, Michel & Yaeger* and *Leach & Leach,* for relator.

*O'Brien, Horn & Stringer* and *F. A. Alexander,* for respondent and Chicago, Rock Island & Pacific Railway Company.

*Harold S. Nelson,* County Attorney of Steele County; *F. W. Root, C. O. Newcomb, A. C. Erdall* and *Sawyer, Lord & Munck,* for the Chicago, Milwaukee, St. Paul & Pacific Railroad Company; *Samuel H. Cady,* for the Chicago & North Western Railway Company; *Walter H. Jacobs,* for the Chicago Great Western Railroad Company; *J. C. James* and *Denegre, McDermott, Stearns, Stone &*

[1]Reported in 226 N. W. 569.

*Mackey,* for the Chicago, Burlington & Quincy Railroad Company; and *Edward C. Craig, Charles A. Helsell* and *Edwin C. Brown,* for the Illinois Central Railroad Company, amici curiae, filed briefs in support of the contention of respondent.

DIBELL, J.

The relator, H. N. Boright, brought an action in the district court of Steele county under the federal employers liability act to recover for personal injuries sustained in Kansas while employed by the Chicago, Rock Island & Pacific Railway Company in interstate commerce.

The railroad company moved for an order dismissing the action upon the ground that the trial of it in Steele county would constitute an unreasonable and unnecessary burden on interstate commerce in contravention of the commerce clause of the constitution and in contravention of the fourteenth amendment; and it asserted as a ground for the granting of its motion that the railroad company was a resident and citizen of Illinois and the plaintiff a resident and citizen of Kansas, and because of convenience the court had the discretion to dismiss the action brought in Minnesota. The case was submitted on affidavits, and on hearing the motion was granted and a formal judgment of dismissal was entered.

The relator then procured from this court an alternative writ of mandamus requiring the district court to proceed with the trial of the action or show cause why it did not do so. The respondent moved to discharge the writ. One ground of the motion is that mandamus is not the proper remedy.

In State ex rel. Prall v. District Court, 126 Minn. 501, 148 N. W. 463, Ann. Cas. 1915D, 198, where there was a refusal to proceed with the trial of a case at its beginning upon the ground, erroneously asserted, that the court had jurisdiction to refuse to entertain the action, mandamus was held a proper remedy. The doctrine was discussed and the result was reached not without some hesitation and limitation. The situation here is different. The court exercised jurisdiction. The parties appeared and submitted their

controversy, and the court after deliberation reached a conclusion which was embodied in its judgment. The writ of mandamus is not a substitute for an appeal. In the case cited we said [126 Minn. 503]:

"Mandamus is an extraordinary remedy. It is not needed if there is an adequate remedy in the ordinary course of law. Its purpose is not to correct errors and it is not the substitute for an appeal. It will compel judicial action and the exercise of jurisdiction. It will not direct the manner of its exercise or control judicial discretion."

The alternative writ should be discharged.

Writ discharged.

STONE, J. took no part.

