[In Bank—January 10, 1884.]

## IN RE W. L. ROBB, ON HABEAS CORPUS.

64　431
77　163

CRIMINAL LAW—EXTRADITION OF FUGITIVES FROM JUSTICE—JURISDICTION OF STATE COURTS—HABEAS CORPUS—CONTEMPT.—The Superior Courts of this State have power to issue writs of habeas corpus commanding the production of the body of a prisoner held under authority of a warrant for his arrest issued by the governor of this State, upon the requisition of a governor of another State, that the causes of his detention may be inquired into; and the refusal of the custodian to obey the writ is a contempt of court.

APPLICATION for writ of habeas corpus. The facts are stated in the opinion of the court.

*Alfred Clarke,* for Petitioner.

The petitioner is acting under the authority, and executing the power of the United States. (*In re Briscoe,* 57 How. Pr. 422; *State* v. *Allen,* 2 Humph. 258; *Taylor* v. *Taintor,* 16 Wall. 366; *State* v. *Buzine,* 4 Har. (Del.) 575; *State* v. *Schlemn,* 4 Har. (Del.) 577; *Ex parte Smith,* 3 McLean, 121; *Davis's Case,* 122 Mass. 324; *Comm.* v. *Hall,* 9 Gray, 262; *Leary's Case,* 6 Abb. N. C. 63; *People ex rel.* v. *Pinkerton,* 77 N. Y. 245; *People ex rel.* v. *Donohue,* 84 N. Y. 442; *Ex parte Hoyle,* U. S. Dist. Ct. Cal. 1880; *Re Clark,* 9 Wend. 212; *Ex parte White,* 49 Cal. 434; *Re Romaine,* 23 Cal. 585; *Re Culbreth,* 49 Cal. 436; *Houston* v. *Moore,* 5 Wheat. 1, 21, 22; *Morton* v. *Skinner,* 48 Ind. 123; *Johnson* v. *Riley,* 13 Ga. 97; *Kentuck* v. *Dennison,* 24 How. 66; *Ex parte Rosenblat,* 51 Cal. 287.)

The Superior Court has no jurisdiction to compel the production of the prisoner. (*State* v. *Pline etc.* T. U. P. Charl. 142; *Ex parte Roberts,* 2 Hall L. J. 192; *Ex parte Ferguson,* 2 Johns. 239; *Ex parte Rhodes,* 12 Niles W. Reg. 264; *Ex parte Sims,* 7 Cush. 285; *Norris* v. *Newton,* 5 McLean, 92; *Ableman* v. *Booth,* 21 How. 506; *Ex parte Shirk,* 3 Grant's Cases, 460; *Moore* v. *People,* 14 How. 13; *State* v. *Zulich,* 5 Dutch. 409; *In re Tarble,* 13 Wall. 397; *In re Spangler,* 11 Mich. 298.)

*J. D. Sullivan,* and *Wm. M. Fitzmaurice,* for Respondent.

The State courts have ample power to examine matters of this kind on habeas corpus. (*Ex parte Manchester,* 5 Cal. 238.)

MORRISON, C. J.— On the 20th day of November, 1883, the governor of this State issued a warrant for the arrest of one C. H. Bailey, reciting therein that "whereas it has been represented to me by the governor of the State of Oregon that C. H. Bailey stands charged with the crime of embezzlement committed in the county of Clatsop, in said State, and that he has fled from the justice of that State and has taken refuge in the State of California; and the said governor of the State of Oregon having, in pursuance of the Constitution and laws of the United States, demanded of me that I should cause the said C. H. Bailey to be arrested and delivered to W. L. Robb; and whereas the said representation and demand are accompanied by a certified copy of an information, etc., you are therefore required to arrest," etc.

In pursuance of the command of the foregoing warrant of arrest, the alleged fugitive from justice was arrested by the chief of police of the city and county of San Francisco, and was delivered by him to the petitioner to be taken back to the State of Oregon for trial. While Bailey was in the custody of the petitioner Robb, under and by virtue of the authority above stated, he (Bailey) applied to the Superior Court of the city and county of San Francisco for a writ of habeas corpus; stating in his petition, among other things, that he is "unlawfully imprisoned, detained, confined, and restrained of his liberty by one W. L. Robb at the old City Hall, in the city and county of San Francisco; that the said imprisonment, detention, confinement, and restraint are illegal, and that the illegality thereof consists in this, to wit: that petitioner is held under a warrant of arrest, a copy of which is hereto annexed and made a part hereof. That said warrant is issued without authority of law and against the law, in this, that the provisions of the Act of Congress have not been complied with in this, that no copy of an indictment found or affidavit made before a magistrate charging petitioner with any crime has been produced to the governor of California," etc.

On this petition a writ of habeas corpus was issued by the Superior Court of the city and county of San Francisco on the 21st day of November, 1883, directed to W. L. Robb, commanding him to have the body of Charles A. Bailey "by you imprisoned and detained, as it is said, together with the time and cause of such detention and imprisonment, etc., before T. K. Wilson,

judge of the Superior Court in and for the city and county of San Francisco," at a time and place therein mentioned. The petitioner Robb refused to produce the body of Bailey in accordance with the command of the writ, and in return thereto, stated that he held him under the laws of the United States and therefore ought not to produce the prisoner. Robb also appends to his return, and makes a part thereof, copies of the papers under which his authority to hold the prisoner is asserted.

On the coming in of the foregoing return, and on the refusal of Robb to have the body of Bailey before the court as commanded by the writ, the Superior Court adjudged Robb guilty of a contempt of court and imprisoned him therefor. It is this imprisonment of which he complains and from which he seeks to be released by writ of habeas corpus granted him by this court, and which is now the subject of consideration.

It is no part of our duty to decide whether the authority under which Robb holds the prisoner Bailey is sufficient or not. Neither is it incumbent on us to decide whether Bailey is held under the authority of the United States, and if so, how far it is competent for the court below to inquire into the legality of the proceedings under which he is held; nor whether an affidavit or indictment must accompany the requisition or not; nor whether the recitals in the governor's warrant of arrest are conclusive or simply *prima facie* evidence of the facts they recite. All these are matters for the consideration of the court issuing the writ and before whom the prisoner is to be brought. The only inquiry in this case relates to the power of the court below to compel *the production of the body* of the prisoner before it, so that the cause of his imprisonment and detention can be inquired into, and on this point we have no doubt.

It was not the duty of the court issuing the writ, nor was it obliged to accept as true, the return of the party. It was within the jurisdiction of the court, at least, to inquire into the facts of the case and the alleged cause of detention, and to this end it was proper that the prisoner should be brought into the presence of the court, in obedience to the command of the writ, whereupon the prisoner would have had a right to traverse the return. (*People ex rel.* v. *Donohue,* 84 N. Y. 438; *People* v. *Brady,* 56 N. Y. 182; *Norris* v. *Newton,* 5 McLean, 99; *State* v. *Schlemn,*

4 Har. (Del.) 577.) This the petitioner refused to do, and by such refusal was guilty of a contempt of court.

Writ dismissed and prisoner remanded.

MYRICK, J., SHARPSTEIN, J., THORNTON, J., McKEE, J., and McKINSTRY, J., concurred.

Petition for rehearing denied.