[No. 20423. In Bank. — September 28, 1888.]

## EX PARTE GEORGE H. STERNES, ON HABEAS CORPUS.

HABEAS CORPUS — FUNCTIONS OF WRIT. — The functions of the writ of *habeas corpus* do not extend beyond an inquiry into the jurisdiction of the court in which the judgment was rendered against the prisoner, and the validity on its face of the process under which he is held. An attack upon the judgment is subject to the rules applicable to collateral assault upon judgments in other cases.

JUDGMENT — CONCLUSIVENESS OF RECORD — COLLATERAL ATTACK — EVIDENCE. — When a court has acquired jurisdiction, its subsequent proceedings, however irregular, are not void. The record of the court is conclusive as to all matters decided by it, and no evidence can be received to contradict it upon a collateral attack.

ID. — JURISDICTION — ADJUDICATION OF FACTS — IRREGULARITY OF PROCESS. — When jurisdiction depends upon litigated facts, an adjudication of the court that the requisite facts exist is conclusive evidence of jurisdiction until vacated or set aside in a direct proceeding, and cannot be

contradicted upon a collateral attack. If the process, or the manner in which it was served, is irregular, the jurisdictional infirmity can be cured only by some proceeding in the court where the action is pending, or by appeal; and the finding of the court that the process was duly served is conclusive in a collateral proceeding.

Contempt — Rufusal to Produce Prisoner upon Habeas Corpus — Adjudication as to Custody and Ability. — When the superior court, upon the return of a writ of *habeas corpus*, finds upon the testimony taken that the prisoner was in the custody of the officer in the county in ,which the court is held at the time of the service of the writ, and that he had the power to produce his body in answer to the writ, such adjudication is conclusive; and the action of the superior court in punishing the officer for contempt in refusing to produce the prisoner will not be reviewed in the supreme court upon *habeas corpus*, brought to relieve the officer from such punishment, upon evidence that the prisoner was out of the county when the writ was served, and that it was out of the power of the officer to produce him, because he was in the custody of the sheriff of another county.

Id. — Contempt in Face of Court — Affidavit — Order to Show Cause — Return of Officer upon Writ of Habeas Corpus. — The failure of the officer to produce the body of the prisoner in answer to a writ of *habeas corpus*, when he has the power to do so, is a contempt committed in the face of the court, and no affidavit of the facts or order to the officer to show cause is necessary in such case. The court is not bound to accept the return of the officer as true.

Application for *habeas corpus* for the discharge of George H. Sternes, who was confined in the county jail of Nevada County, under a commitment for contempt of the superior court of that county. It was stipulated that the facts set forth in the petition for the writ could be proved by evidence on the part of the prisoner, if admissible, but it was objected that evidence of such facts was incompetent and inadmissible to contradict the recitals in the return. It appeared from the petition that the said George H. Sternes was a deputy sheriff for Yuba County, in this state. On the fourth day of April, 1888, a warrant of attachment was issued out of the superior court of Yuba County for the arrest of one Ah Fong, for an alleged contempt of that court. On the same day, at about 12 o'clock, midnight, Sternes arrested Ah Fong in the county of Nevada, and delivered him into the custody of one W. H. Lee, who was

present assisting in the arrest, with directions to the said Lee to take said Ah Fong to the county of Yuba, and there deliver him into the hands of the sheriff of that county. The petition alleged that Lee delivered the said Ah Fong to the sheriff of the said county of Yuba, at Marysville, on the fifth day of April, 1888, before the delivery to the said Sternes of the copy of the writ of *habeas corpus* hereinafter mentioned. After the delivery of the said Ah Fong to the said Lee by Sternes, a writ of *habeas corpus* was issued out of the superior court of Nevada County. This writ was directed to John Doe, and commanded him that he have the body of Ah Fong, together with the cause of his imprisonment and detention, before the Honorable J. M. Walling, superior judge of Nevada County, at a time therein specified. On the fifth day of April, the sheriff of Nevada County served a copy of said writ upon Sternes, but not the original. The petition further alleges that after said service Sternes demanded the prisoner Ah Fong from the sheriff of Yuba County, but that he has refused, and still refuses, to deliver him up. Upon the return of the writ, after the hearing of evidence, Sternes was adjudged guilty of a contempt of court in failing to produce the body of Ah Fong, and was fined in the sum of one hundred dollars, and ordered imprisoned until the fine should be paid, at the rate of two dollars per day. No warrant of attachment or order to show cause was issued before the adjudication of contempt. The further facts are stated in the opinion of the court.

*E. A. Forbes*, and *A. L. Hart*, for Petitioner.

The court had no jurisdiction of the subject-matter, or of the person of Sternes. (Constitution, sec. 5, art. 6; *Ableman* v. *Booth*, 21 How. 506; *People* v. *Warden etc.*, 100 N. Y. 20; Pen. Code, sec. 1478.) An affidavit is necessary upon refusal to obey a writ of *habeas corpus*. (Pen. Code, sec. 1479; Code Civ. Proc., secs. 1209–1222;

*Batchelder* v. *Moore*, 42 Cal. 412; *Ex parte Rush*, 60 Cal. 5.) Jurisdiction to punish for contempt may be reviewed on *habeas corpus*. (*Ex parte Hollis*, 59 Cal. 408; *Ex parte Kearny*, 55 Cal. 228; *Ex parte Cohn*, 55 Cal. 193; Church on Habeas Corpus, sec. 310; *People* v. *O'Neil*, 47 Cal. 110; *Ex parte Rowland*, 104 U. S. 604; *Ex parte Rowe*, 7 Cal. 181; *Fx parte Cohen*, 6 Cal. 319.) The record does not recite that any contempt was committed in the view and 'presence of the court. (Code Civ. Proc., sec. 1211; *Ex parte Rowe*, 7 Cal. 181; *People* v. *Turner*, 1 Cal. 152; *Batchelder* v. *Moore*, 42 Cal. 414.)

*Hale & Craig*, for Respondent.

It is a contempt *in faciæ curiæ* for an officer served with a writ of *habeas corpus* to refuse to make a return, or to produce the body before the court. (*State* v. *Philpot*, Dud. (Ga.) 46; *In re Robb*, 64 Cal. 431; *Robb* v. *Connelly*, 111 U. S. 624.) Upon writ of *habeas corpus* this court cannot look beyond the jurisdiction of the court under whose process it is claimed the petitioner is held, and the sufficiency upon its face of the process itself. (*Ex parte McCullough*, 35 Cal. 97; *Ex parte Cottrell*, 59 Cal. 421; *In re Robb*, 64 Cal. 431.) The court was not bound to accept as true the answer of Sternes, or to accept his explanations of his failure to produce the body of Ah Fong, either as to its cause or motive. (*Ex parte Cottrell*, 59 Cal. 421, 422; *In re Robb*, 64 Cal. 431.) The recitals of the judgment are conclusive upon petitioner and binding upon this court, and no testimony is admissible to qualify or contradict any of them. (*Fagg* v. *Clements*, 16 Cal. 389; *Sharp* v. *Brunnings*, 35 Cal. 528; *Hahn* v. *Kelly*, 34 Cal. 391; 94 Am. Dec. 742; *Moore* v. *Martin*, 38 Cal. 428; *Eitel* v. *Foote*, 39 Cal. 439; *Campbell* v. *Adams*, 50 Cal. 203; Code Civ. Proc., secs. 1908, 1911; *People* v. *Warden*, 100 N. Y. 26; *Bloom* v. *Burdick*, 1 Hill, 130; 37 Am. Dec. 299; *Ferguson* v. *Crawford*, 70 N. Y. 265; *People* v. *Nevins*, 1 Hill, 159.)

PATERSON, J.— From the stipulation filed herein, it appears the petitioner could prove, if permitted to do so, that at the time of the issuance of the writ of *habeas corpus* commanding him to produce the body of one Ah Fong, said Ah Fong was in the actual custody of one W. H. Lee in the county of Yuba, and that at the time of the service of the writ upon petitioner said Ah Fong was in the actual custody of the sheriff of Yuba County, at Marysville, and therefore out of the jurisdiction of the superior court of Nevada County on a *habeas corpus* proceeding (Constitution, art. 6, sec. 5); that the original writ was not delivered to petitioner, who is a deputy sheriff of Yuba County, as required by the Penal Code, section 1478; that, after service of an imperfect copy of the writ upon him, he demanded of the sheriff of the county of Yuba the delivery to him of the custody of Ah Fong, that he might comply with the command of the court, but said sheriff refused, and has always refused, to permit him to take said Ah Fong into his custody; and that "the said court adjudged that the said Sternes had the actual custody of the said Ah Fong, and willfully refused to produce him in said court without any trial of said fact, or any charge upon that subject having been made, or any warrant, or attachment, notice, or order to show cause, having been issued, or any opportunity for the said Sternes to be heard upon the said question, without any trial and without any evidence."

The stipulation aforesaid was made at the hearing to aid the court in the dispatch of its business, counsel for respondent objecting, however, that no evidence could be received in this matter to contradict or impeach the recitals and findings contained in the judgment of the superior court.

The judgment of conviction upon which respondent relies as a conclusive answer to the petition and return to the writ herein sets forth a copy of the petition upon which the writ was issued out of the superior court, com-

manding the production of the body of the said Ah Fong, a copy of the writ, and concludes as follows: "And [said writ] having on said fifth day of April, 1888, been duly served upon George H. Sternes at Nevada township, Nevada County, California; and said matter having on the sixth day of April, 1888, been at the request of said Sternes continued for hearing until ten o'clock, A. M., April 7, 1888; and on said last-named date said Sternes having appeared in said court, and made and filed in said court his return to said writ, in which return it was alleged, among other things, that said Sternes was the person named John Doe in said writ; that said Ah Fong was not in his custody or under his control at the time of the issuance of or the service of said writ upon him; and said judge having thereupon proceeded to take testimony as to said matter, and it appearing therefrom to the satisfaction of said judge that said Ah Fong was in the custody and under the control of said Sternes at the time of the issuance and service upon him of said writ, and that it was within the power of said Sternes to produce the body of said Ah Fong in obedience to said writ at the time of service of said writ upon him; and said judge having thereupon continued the further hearing of said matter until Monday, April 9, 1888, at two o'clock, P. M., at the request of said Sternes, to enable him to produce the body of said Ah Fong before said judge in obedience to said writ: Now, on this day last aforesaid, said George H. Sternes, having appeared before said judge, and having failed to produce the body of said Ah Fong before such judge in obedience to said writ, it is therefore adjudged that said George H. Sternes is guilty of contempt of said court," etc.

We understand counsel for petitioner to admit that the functions of the writ of *habeas corpus* issued herein do not extend beyond an inquiry into the jurisdiction of the superior court in which the judgment was rendered, and the validity of the process upon its face; but he con-

tends that we may and should inquire whether, at the time the writ of *habeas corpus* was issued for the production of the body of Ah Fong, he, said Ah Fong, was held in actual custody within the jurisdiction of the court issuing it, and if it be determined that he was not within the jurisdiction of said court, the order made, adjudging the petitioner guilty of contempt was beyond the jurisdiction of the court, and therefore null and void.

. The attack which is made upon the judgment of the superior court involves an examination of evidence *de- hors* the record, and is, therefore, subject to the rules applicable to collateral assaults upon judgments in other cases. One of the plainest of these rules is, that from the time of the service of process upon the parties to the action or proceeding the court acquires such jurisdiction over them that its subsequent proceedings, however irregular, are not void. The first inquiry before the superior court upon the return made by the respondent Sternes therein was to determine the issue as to whether said Ah Fong was or was not in his custody or under his control at the time of the issuance of or service of said writ upon him, said Sternes. It appears from the judgment that the judge proceeded to take testimony as to said matter, and found as a fact that said Ah Fong was in the custody and under the control of said Sternes at the time of the issuance and service upon him of said writ, and that it was within the power of said Sternes to produce the body of said Ah Fong in obedience to the writ at the time of service of the writ upon him. This is the record of the court, acting within its legitimate powers, and that record must be considered as speaking the truth, and as conclusive until it has been in some way set aside or vacated. No evidence can be received to contradict it. (Freeman on Judgments, sec. 619, 126; *Lewis* v. *Dutton*, 8 How. Pr. 103; Cooley's Constitutional Limitations, p. 407.) "When jurisdiction depends on a fact that is litigated in a suit, and is adjudged in favor

of that party who avers jurisdiction, then the question of jurisdiction is judicially decided, and the judgment record is conclusive evidence of jurisdiction until set aside, or reversed by a direct proceeding" (*Bloom* v. *Burdick*, 1 Hill, 138; 37 Am. Dec. 299); and it has been held in this state that even "an inferior board may determine conclusively its own jurisdiction or power, by adjudicating the existence of facts upon the existence of which its jurisdiction or power depends." (*In re Grove Street*, 61 Cal. 453; see also *Segee* v. *Thomas*, 3 Blatchf. 20; *Ex parte Cottrell*, 59 Cal. 421.)

The court further found that the writ issued on the fifth day of April, 1888, had been duly served upon George H. Sternes, at Nevada township, Nevada County, California. There being nothing in the record to contradict this finding of the court, it is conclusive, and no evidence can be received to contradict it. If the process, or the manner in which it was served, is irregular, the jurisdictional infirmity can be cured only by some proceeding in the court where action is pending, or by appeal. (*Dorente* v. *Sullivan*, 7 Cal. 279; *Peck* v. *Strauss*, 33 Cal. 685.)

The failure of Sternes to produce the body of Ah Fong, as the court found he had the power to do, before the court, in obedience to the writ, was a contempt committed in the face of the court, and no affidavit of the facts constituting the contempt was necessary to give the court knowledge thereof. (*In re Robb*, 64 Cal. 431.) An order to show cause or notice of a motion for an attachment would not have served Sternes any useful purpose. He had an opportunity, as shown by the judgment, to explain the circumstances of his failure to obey the writ, and the court was not in duty bound to accept as true his return to the writ. The court may have erred in its proceedings subsequent to the issuance and service of the writ, and, by a misapprehension of the facts or misconstruction of the evidence, have done the

petitioner here a great injustice; but so long as that court permits its record to remain as it is, other courts must treat it as the action of that court, and as conclusive upon all the matters decided by it and essential to its judgment. (*Ellis* v. *Inhabitants of Madison,* 13 Me. 312; *Watson* v. *Balch,* 1 Pac. Rep. 775.)

The petitioner is remanded to the custody of the sheriff.

McFARLAND, J., SHARPSTEIN, J., THORNTON, J., Mc. KINSTRY, J., and SEARLS, C. J., concurred.

Rehearing denied.