## SMYTHE v. SMYTHE.

No. 1835.   Opinion Filed February 28, 1911.

(114 Pac. 257.)

1. CONTEMPT—Jurisdiction of Supreme Court—Habeas Corpus—Refusal to Produce Body. Appearing in court in response to a writ of habeas corpus, and refusing to produce the body of a child pursuant to the requirements of said writ, without a reasonable excuse, or willfully making an evasive or insufficient answer thereto, is a contempt committed in the presence of the court.

(a) A proceeding to punish for such contempt is a criminal action.

(b) This court has no appellate jurisdiction to review an order of conviction in such action.

(Syllabus by the Court.)

*Error from District Court, Creek County; W. L. Barnum, Judge.*

*Habeas corpus* by Mattie A. Smythe against William Smythe. Defendant was committed for contempt, and brings error. Dismissed.

*Callaway & McGraw* and *Smith & Pryor*, for plaintiff in error.

*John C. Ellinghausen* and *Thrift & McMullen*, for defendant in error.

WILLIAMS, J.   The defendant in error, the divorced wife of the plaintiff in error, by a proceeding in *habeas corpus,* sought to recover possession of her minor child, Roy T. Smythe, from its father, the said plaintiff in error.   He answered that said child was seven years of age, and that he, as its father, had had the exclusive custody and control of him since he was about 15 months old until on· or about the 23d day of May, A. D. 1910, during which time he alone supported, cared for, and protected said child.   He denied that the said Roy T. Smythe had been, since the 23d day of May, A. D. 1910, under his custody or control, and averred that since said date he had never had the custody or control of said child.   He further answered that on the 23d day of May, 1910, he delivered the said child to Mrs. R. P. Standefer, in the city of New Orleans, state of Louisiana, and that since said time he had not seen said child, nor does he know of ·his own personal knowledge the actual whereabouts of said child. That the said Mrs. R. P. Standefer· now has, and at all times since the 23d day of May, 1910, and since the issuance and service of the writ of *habeas corpus,* has had and exercised the sole and exclusive custody of said child, during which time the said child has been in her actual and exclusive ·possession and beyond the confines or jurisdiction of the state of Oklahoma.   Further he answered that on or about the 10th day of May, 1910, the defendant, Mattie A. Smythe, aided and abetted by a person unknown to him, wrongfully, unlawfully, and by means of force and violence and by use of firearms, assaulted him in a manner such as to greatly endanger his life, for the purpose of putting him in a state of alarm, and attempted to kidnap, steal, and carry away said child, and by force of arms take him beyond the boundaries of this state and out of the jurisdiction of this court, and to confine said child in a foreign jurisdiction, and to thereby deprive him of the care and custody and· possession of the said child. That since the 10th day of May, A. D. 1910, the said Mattie A. Smythe has constantly and continuously colluded and conspired with divers other persons unknown to respondent to surreptitiously

steal and carry away said child and take him beyond the confines of the state, and by violence and threats of injury has attempted to intimidate and compel him to surrender the custody and possession of said child to the said Mattie A. Smythe, and that by reason of the facts above alleged that he did, on the 23d day of May, 1910, and long before this proceeding in *habeas corpus* was instituted, transfer said child to the state of Louisiana, city of New Orleans, and did then and there deliver the same to the said Mrs. R. P. Standefer, and that in so doing he had no intention or desire to evade the jurisdiction of this court or to violate any duty required of him by law, but his sole and only purpose in so doing was to protect said child from the threatened kidnapping by the said Mattie A. Smythe and her co-conspirators, and to prevent her from stealing said child and carrying the same away and without the state of Oklahoma. He further answered and averred that he did not hold said child in illegal restraint, nor has he at any time held the same under such restraint, and further denied that he had said child in his custody or under his control at the time of the issuance and service of said writ, or at any time since then.

The defendant in error excepted to the sufficiency of said return, moving to strike the same from the files. Whereupon the court in part entered the following order:

"The exceptions of the petitioner, Mattie A. Smythe, will be sustained, for the reason that the    *  *  *    return filed on this date is evasive and does not show that the child, Roy T. Smythe, is not within the control of the respondent, William Smythe, but does show that said child is with one Mrs. Standefer, who appears by a former return of a writ in this case made by the respondent, to be the sister of the respondent in this case, and that said child was placed, as appears from the return of the respondent herein, in the custody of the said Mrs. Standefer, for the purpose of getting said child out of reach of the petitioner, and that said child was intrusted to the care of said Mary Standefer, by respondent herein, and there is nothing in said return to show that respondent cannot produce said child, if he so desires,

and would make an honest endeavor to comply with the orders of the judge of this court."

The plaintiff was by the court then committed for contempt.

On petition in error and transcript the proceedings of the lower court are sought to be reviewed.

Contempts are by the authorities divided into two classes: (1) Direct contempts, which are committed in the immediate view and presence of the court. (2) Constructive or consequential contempts, which arise from matters not transpiring in court, but relate to a failure to comply with the orders and decrees issued by the court and to be performed elsewhere. Church on *Habeas Corpus* (2d Ed.) § 308, p. 437.

The Legislature of Oklahoma Territory, in the year 1895, passed an act entitled, "An act to define contempts of court and to prescribe penalties for the same." Sections 2227-2230, Compiled Laws 1909; Session Laws O. T. 1895, pp. 91, 92.

In *Smith v. Speed*, 11 Okla. 95, 66 Pac. 511, 55 L. R. A. 402, said act having been held to be in conflict with the organic act and therefore void, same was not continued in force in the state by section 2 of the Schedule to the Constitution.

In *Re Dill*, 32 Kan. 668, 5 Pac. 39, 49 Am. Rep. 505, it is said:

"To constitute a direct contempt of court, there must be some disobedience to its order, judgment, or process, or some open or intended disrespect to the court or its officers in the presence of the court, or such conduct in or near the court as to interrupt or interfere with its proceedings, or with the administration of justice. To constitute a constructive contempt of court, some act must be done, not in the presence of the court or judge, that tends to obstruct the administration of justice, or bring the court, or judge or the administration of justice, into disrespect."

See, also, *Androscoggin & Kennebec R. Co. v. Androscogin R. Co. et al.*, 49 Me. 392.

In Texas contempts are divided into two classes, criminal and civil. The first consists in doing an act of disrespect to the court or its process, or an act which obstructs the administration of

justice, or tends to bring the court into disrepute. The second consists of a failure or refusal to perform an act ordered by the court for the benefit of another. *Ex. parte Robertson,* 27 Tex. App. 628, 11 S. W. 669, 11 Am. St. Rep. 207; *Floyd v. State,* 7 Tex. 216. See, also, *Ex parte Kearney,* 7 Wheat. 38, 5 L. Ed. 391.

In *Ex parte Sternes,* 77 Cal. 156, 19 Pac. 275, 11 Am. St. Rep. 251, it was held that an officer's failure to produce the body of the prisoner in obedience to a writ of *habeas corpus,* when he has power to do so, is a contempt committed in the face or presence of the court. See, also, *In re Robb,* 64 Cal. 431, 1 Pac. 881; Church on *Habeas Corpus* (2d Ed.) § 134, p. 206.

Under the foregoing authorities, appearing in court and refusing to produce the body of the child, without reasonable excuse, or willfully making an evasive or insufficient answer, would have constituted direct contempt. A proceeding to punish for such contempt is a criminal action. It is very probable that contempt proceedings arising out of a violation of an injunction issued in the name of and at the instance of the state to abate a public nuisance are criminal actions; but it is not essential here to determine this question. *Legate v. Legate,* 87 Tex. 248, 28 S. W. 281; *People v. Bradley,* 60 Ill. 391.

An act entitled, "An act perpetuating the Criminal Court of Appeals, defining its duties, powers and jurisdiction" (article 2, c. 14, pp. 170, 172, Session Laws 1909) provides that the Criminal Court of Appeals shall have exclusive appellate jurisdiction in all criminal cases appealed from county and district courts in this state, and such other courts as may be established by law. Section 9 of the same article further provides that:

"The Criminal Court of Appeals shall have exclusive appellate jurisdiction coextensive with the limits of the state in all criminal cases, in the manner and under such regulations as may be prescribed by law."

This being a criminal case this court has no jurisdiction to review the same. It may be that the appellate jurisdiction of

State *ex rel.* v. Cease *et al.*

the Criminal Court of Appeals in this case may be invoked by the plaintiff in error. Further, in all criminal cases, or matters calling for the construction of penal provisions by proceedings in *habeas corpus,* the jurisdiction of that court should be invoked, rather than this.

The appeal is dismissed.

All the Justices concur.