[Civ. No. 6100. Third Appellate District.—February 28, 1939.]

ELAINE T. SMITH, Appellant, v. SIDNEY V. SMITH, Jr., Respondent.

Charles A. Wetmore, Jr., Edward F. Treadwell and Treadwell & Laughlin for Appellant.

Loyd E. Hewitt and James R. McBride for Respondent.

THOMPSON, J.—The plaintiff has appealed from an order modifying a final decree of divorce with respect to the custody of a minor daughter.

The parties to this action were divorced by a decree rendered by the Superior Court in Yuba County, October 24, 1927. The final decree awarded the custody of their infant daughter, Elaine, to her grandmother, Anna Trenberth. December 16, 1932, that decree was modified by granting the custody of the child to her mother "until the further order of the court". From time to time the decree was modified with respect to the amount of maintenance which the defendant was required to pay for the care of the child. Novem-

ber 2, 1933, while the mother still had custody of the girl, she was appointed guardian of her person and estate by the Probate Court of Alameda County. The child then had the prospect of inheriting a small estate.

February 5, 1937, the defendant cited plaintiff to show cause why she should not be deprived of the custody of their child on the ground that she was an unfit person to retain her care and training. That proceeding was heard on the affidavits of the respective parties and upon oral evidence which was also adduced. The plaintiff's affidavit incidentally averred that she was appointed guardian of the person and estate of their daughter, Elaine, by the Superior Court of Alameda County on November 2, 1933. No further proof of that appointment was adduced. The plaintiff, however, objected to the jurisdiction of the Yuba County court to interfere with the custody of the child since she was awarded to her in the guardianship matter. The objection was overruled.

Five witnesses were examined regarding the fitness of the respective parties to assume or retain custody of the minor. July 1, 1937, the court adopted findings determining that neither spouse was qualified or fit to assume the custody of the child. The custody of the daughter, Elaine, who was then thirteen years of age, was awarded to Ethel Rodda, the wife of John E. Rodda, whom the court found to be a fit and proper person to entrust with the child's care. Mrs. Rodda is a sister of the plaintiff. From that order modifying the final decree of divorce the plaintiff has appealed.

█ It is contended the evidence fails to support the finding that plaintiff is not a fit or proper person to have the custody of her minor child, and that the decree of the Probate Court of Alameda County appointing plaintiff as guardian of the person and estate of her daughter ousted the Yuba County court of jurisdiction to subsequently modify the final decree of divorce with respect to the custody of the child.

The record contains an abundance of evidence in support of the order modifying the final decree of divorce by depriving the appellant of the custody of the minor on account of her unfitness to retain her care. The evidence conclusively shows that the conduct of the mother would be detrimental to the welfare of the child. Both Mr. and Mrs. Rodda and Jack Menz testified to facts clearly indicating that the con-

duct and influence of the plaintiff would be most harmful to the child. It is not necessary to recite the facts upon which the court concluded the mother is unfit to retain the custody of her daughter. The record leaves no doubt of the correctness of the finding in that regard.

■ There is no merit in the claim that the evidence does not support the finding that Mrs. Ethel Rodda, to whom the child was awarded, is a fit and proper person to assume her custody. She was a witness at the hearing. The court then had an opportunity of observing her conduct and appearance. Her character was not questioned. In Jones on Evidence, third edition, page 208, section 158, it is said:

"The law presumes the character of a party to be good until the contrary is shown and he can safely rest on that presumption."

Moreover, the appellant waived that assignment of lack of evidence by failing to present the issue in her briefs on appeal.

■ We are of the opinion the Yuba County court which rendered the final decree of divorce in this case, by the terms of which the minor child of the spouses was awarded to her mother, retained jurisdiction to modify that decree with relation to the custody of the child, notwithstanding the subsequent appointment of the mother as guardian of the person and estate of her daughter by a probate court in another county. (Sec. 138, Civ. Code; *Foster* v. *Foster,* 8 Cal. (2d) 719, 726 [68 Pac. (2d) 719].) Section 138, above cited, specifically provides that the court which grants a divorce may *at any time during the minority of a child of the marriage* make or modify an order for the care, custody, maintenance or support of the minor when it appears to be for the temporal, mental or moral welfare of the child to do so. That principle recognizing the jurisdiction of a divorce court to modify its decree with relation to the custody of minor children for their welfare is so thoroughly established as to require no further authorities to support the assertion. Our statute preserves the authority of a divorce court over minor children of the separated spouses because society is interested in protecting them from harmful influences which affect their mental or moral welfare. This control is retained to sustain the character of their citizenship and to prevent them from becoming public charges.

It is true that for other specific purposes, under proper circumstances, the juvenile court may assume jurisdiction and award the custody of delinquent or dependent children to the probation officer, as provided by section 700 of the Welfare and Institutions Code of California. Division IV of the Probate Code authorizes the appointment of guardians of the persons and estates of minor children under circumstances therein specified. A writ of *habeas corpus* may also properly issue to determine the custody of a minor under proper circumstances. Subject to certain restrictions recognized by the law, each of the proceedings above mentioned may be properly maintained to determine the custody of minor children. It is true that a delinquent or dependent child may be declared a ward of the court under the Juvenile Court Act, even though the child has been previously awarded to the mother in a divorce proceeding. It may also be true that when a juvenile court first assumes jurisdiction over a delinquent or dependent child a divorce court has no authority to subsequently award the custody of the child to a person contrary to the order of the juvenile court. (78 A. L. R. 317, note; 11 A. L. R. 147, note.) However, in the case of *Ross* v. *Ross*, 89 Colo. 536 [5 Pac. (2d) 246, 78 A. L. R. 313], it was held that the pending of proceedings in the juvenile court did not prevent a divorce court from modifying its final decree with respect to the custody of the same child.

Delinquent and dependent children come peculiarly within the jurisdiction of the juvenile court. Such proceedings are *quasi* criminal in their nature. But ordinarily a divorce court does not lose jurisdiction to modify its decree of divorce with respect to the custody of minor children of the marriage for their mental or moral welfare, by the mere subsequent appointment of a guardian of the person and estate of the child. The purpose of the appointment of the guardian in the present case was primarily to take charge of a small estate which it was expected the child would inherit. The mother had been previously awarded custody of her daughter in the divorce proceeding. Certainly the appointment of the guardian did not have the effect of thereafter ousting the divorce court of jurisdiction to modify its final decree with respect to the custody of the child for its welfare. The application for a mere change of the custody of a minor should ordinarily be made to the court which renders the decree of divorce. (9

R. C. L. 477, sec. 291; 19 C. J. 532, sec. 811.) In the authority last cited it is said:

"An application for a modification of a decree as to the custody of the children should be made to the court in which the decree was rendered."

It has also been held that the authority of a divorce court over the custody and care of the minor children of the marriage may not be interfered with by means of *habeas corpus.* (82 A. L. R. 1146, note; 76 A. L. R. 657, note.) *In re Morgan,* 117 Mo. 249 [21 S. W. 1122, 22 S. W. 913], the court said:

"The general rule is that, where one court has àcquired jurisdiction over the parties and subject-matter of the suit, other courts will not interfere by the writ of *habeas corpus,* while the suit is pending and undetermined."

Even though a court by means of *habeas corpus* does assume to determine the right of custody of a minor child, that order does not become *res adjudicata* to prohibit a divorce court which previously assumed jurisdiction of the child from modifying its final decree of divorce with respect to the child's custody, at least, for the welfare of the child on account of conditions which are shown to have changed since the writ of *habeas corpus* was granted. (110 A. L. R. 745, note; *Stewart* v. *Stewart,* 32 Idaho, 180 [180 Pac. 165].) In the case last cited it is said:

"A decision in a *habeas corpus* proceeding, whereby the custody of a child is awarded as between its parents, does not make the question of such custody *res adjudicata,* where a subsequent change of conditions is shown, nor preclude the court, in a subsequent suit for divorce between the parties, from making a further decree in regard to the custody of such child."

With respect to the right to appoint a guardian of a minor child in spite of the previous award of the minor to the custody of another person by the terms of a final decree of divorce, all that our Supreme Court has said is that the divorce court does not have *exclusive jurisdiction* over the child. No case which has been called to our attention holds that the probate court has paramount jurisdiction over the person of a minor in preference to that of the divorce court, or that an order appointing a petitioner guardian of the person and estate of a minor who was formerly awarded in a divorce proceeding to the custody of another person, thereby

ousts the divorce court of jurisdiction and prevents it from thereafter modifying the final decree for the welfare of the child.

The case of *Collins* v. *Superior Court,* 52 Cal. App. 579 [199 Pac. 352], relied upon by the appellant, is not in conflict with what we have said regarding the jurisdiction of a court to modify its final decree of divorce with respect to the custody of a minor child. In the Collins case the court merely held that a mandate would issue to require the Superior Court of Monterey County to hear and determine a petition for the guardianship of a minor who was over fourteen years of age and who had nominated his father as guardian of his person and estate notwithstanding the fact that a suit for divorce was then pending in the Superior Court of Marin County. It does not appear in that case that the Marin County court had actually awarded the custody of the minor to any person. The Supreme Court merely held that "the authority of the Superior Court of Marin County to award the custody of the minor to one of the parties in the divorce action was not exclusive". The writ of mandate was issued in that case for the designated reason that the minor "is fourteen years of age, and has the absolute right to select and nominate his guardian, *who, if approved by the court,* must be appointed". (Sec. 1406, Probate Code.) At least, the Probate Court in Monterey County had jurisdiction to appoint a guardian *of the estate* of the minor, regardless of the jurisdiction of the Marin County court to award the custody of the minor in the divorce proceeding. In the present case the Yuba County court previously assumed jurisdiction and actually awarded the custody of the child to her mother in the divorce proceeding, and therefore retained jurisdiction to modify that decree for the moral welfare of the minor. The minor in the present case was under fourteen years of age and therefore possessed no statutory right to nominate her guardian. She did not attempt to do so.

The jurisdiction of the probate court in the appointment of the appellant as guardian of the person and estate of the minor does not appear to conflict with the right of the divorce court to subsequently modify its final decree by awarding the child to the custody of Mrs. Ethel Rodda, for the general

welfare of the minor on account of changed conditions with respect thereto.

The order is affirmed.

Pullen, P. J., concurred.