[Civ. No. 4015. Fourth Dist. Apr. 3, 1950.]

Estate of JAMES P. RYAN, Deceased. JACK RYAN, Respondent, v. TESS FELTON, Appellant.

788

Lawrence W. Young for Appellant.

Stammer & McKnight for Respondent.

BARNARD, P. J.—This is an appeal from an order decreeing that a testamentary trust terminated on February 22, 1949. The trust provisions of the will, which was admitted to probate on January 21, 1941, are set forth in six paragraphs, only a part of which are material here.

The fourth paragraph leaves the bulk of the estate to two trustees under the conditions which follow. It then directs the trustees to pay the net income from one piece of real property to the testator's wife during her lifetime, and in the event of her death to pay one-half of that income to the wife's sister "Tess Felton, during the lifetime of said Tess Felton or until she remarries" and the other half to his brother and sisters as thereafter directed. It then provides that if "Tess Felton should die or remarry during the continuance of this trust" all of this income shall be paid as thereafter directed.

The fifth paragraph directs the trustees to pay the net income from the remaining real property to his brother and his two sisters; that if his wife should die the other half of

the income provided for her in paragraph four shall be paid to his brother and two sisters; that in the event of the death or remarriage of Tess Felton all of the net income mentioned in paragraph four shall be paid to the brother and two sisters; and that, if necessary, all of the income from all of the properties should be used to insure that his wife receive at least $250 per month.

The ninth paragraph reads as follows:

"My trustees are herewith directed to carry on said trust until such time as there is only one survivor left of either of the following, to wit: My wife, Genevieve J. Ryan; my brother, Jack Ryan; my sister, Josephine Ryan; and my sister, Nellie Waggott; and when there is only one survivor of said four left, my trustees are directed to close my said trust estate and distribute all of the real and personal property to said survivor, and I hereby give, devise and bequeath all of said real and personal property remaining in my said trust estate to the survivor of the four above-named parties."

The decree of distribution entered on December 14, 1942, distributed the trust property to the trustees "subject to the trust expressed in the last will" of the deceased. One of the sisters named in paragraphs five and nine died in November, 1943. The widow of the testator died in October, 1946. One half of the income previously paid to her was thereafter paid to Tess Felton until February 22, 1949, on which date the other sister died, leaving the brother, Jack Ryan, as the survivor of the four persons named in the ninth paragraph.

On February 24, 1949, this brother demanded in writing that the trustees deliver the trust property to him. This demand was refused because of Tess Felton's claim that the trust had not terminated and that she was still entitled to a part of the income therefrom. The brother then filed a petition for an order decreeing that the trust terminated on February 22, 1949, and instructing the trustees to convey to him all of the trust property with the income accruing after that date. Tess Felton answered, and the trustees also answered requesting appropriate instructions. The court found that it was the intention of the testator, as expressed in his will, that this trust should continue only until such time as there should be but one survivor of the persons named in paragraph nine; that the trust should then terminate and the remaining trust property be distributed to this survivor; and that Tess Felton should receive the income provided for her in paragraph four

only during the continuance of the trust and not thereafter. It was further found that Tess Felton had no interest in the trust property or the income therefrom after February 22, 1949, that the trust terminated on that date, and that the surviving brother was entitled to all of the trust property with the income from that date. An order and decree was entered accordingly, from which Tess Felton has appealed.

The appellant contends that the testator, in effect, created two trusts, one as to the property mentioned in paragraph four and one as to the property mentioned in paragraph five; that paragraph nine can only apply to the property mentioned in paragraph five, as otherwise the provision for her made in paragraph four would have no effect; that paragraph four is specific and does not refer to any other provision of the will; that the income from the property mentioned in paragraph four is set apart from the rest of the trust; that her interest therein vested on the death of the testator's wife and can only be divested by her remarriage or death; that the will did not provide that her right would terminate on the conditions set forth in paragraph nine; and that although one of the trusts has terminated the other trust should continue. It is also argued that the rights of the parties must be determined by the decree of distribution and not by the will; that while the court must consider the will adopted in the decree in determining the intention of the testator, the decree is a judgment which must be treated and construed as a contract; that paragraph four of the will is irreconcilable wtih paragraph nine; and that paragraph four must prevail because it is specific rather than general, and because under contract rules the first of two conflicting provisions must prevail over the second.

It clearly appears that this will created a single trust for the dominant purpose of providing adequate incomes for the wife, brother and sisters until such time as only one of them survived. This purpose is expressed as to the wife in paragraph four, is expressed as to the brother and sisters and repeated as to the wife in paragraph five, and is confirmed in paragraph six which states that the ''express intention'' is that the trustees shall pay the wife $250 monthly during her life and pay the brother and sisters enough to live on, and then directs the trustees to sell any or all of the ''principal'' or any of the real property, if necessary, and use the proceeds for this purpose. It also seems clear that the testator intended that the remaining trust estate should go immediately to the survivor of these four persons, when ascertained, since he

directed the trustees to carry on the trust until such time, and not only directed them to then close the trust and distribute it all to this survivor, but specifically devised and bequeathed the remaining trust property to that survivor.

The contingent provision for the appellant in paragraph four is not only incidental to the main purpose of the trust, but it is a part of the trust itself and subject to the trust provisions as a whole. Paragraph four twice refers to provisions which follow, and paragraph five repeatedly refers to paragraph four. Paragraph nine refers to the entire trust estate and necessarily applies to the property mentioned in both paragraphs four and five, and not merely to the latter.

The will does not directly provide that the appellant shall receive a part of the income as long as she lives. As a part of the trust created it directs the trustees, after the death of the wife, to pay her a part of the income during her lifetime or until she remarries. This is to be paid from the trust and no method of payment, apart from the trust, is anywhere provided. While it provides what shall be done with that part of the income if she dies or remarries during the continuance of the trust, no attempt is made to dispose of it if she lives longer, except through a termination of the trust. Under her contention, a partial intestacy would result. The entire trust, of which the appellant's right was a part, was subject to definite conditions one of which was that it should terminate, and the entire remainder be otherwise disposed of, upon the happening of a certain event. This event having occurred, no trust remained from which any resulting income could be paid to the appellant. Her right was necessarily limited by the existence of the trust itself, and by the time during which the trustees were authorized to act at all. (*Estate of Painter,* 150 Cal. 498 [89 P. 98, 11 Ann.Cas. 760].) Thus construed, the provisions for the appellant in paragraph four may be reconciled with those of paragraph nine, and each given effect in accordance with the intentions of the testator as disclosed by the entire will.

While the appellant contends that her rights are determined by the decree of distribution and not by the will she also concedes, as she must, that the will must be considered in determining the intent of the testator, since the decree of distribution merely follows its terms. ■ It should logically follow, where the intent and meaning of the decree of distribution must be found by construing the will, that the usual rules for

interpreting wills should be applied for that purpose. Under such circumstances, the decree cannot be given a different or broader meaning than the will. (*Manning* v. *Bank of California,* 216 Cal. 629 [15 P.2d 746] ; *Canfield* v. *Security-First Nat. Bank,* 13 Cal.2d 1 [87 P.2d 830].) While an erroneous provision of a decree which has become final prevails over an inconsistent provision in the will (*Keating* v. *Smith,* 154 Cal. 186 [97 P. 300] ; *Estate of Loring,* 29 Cal.2d 423 [175 P.2d 524]), no such a situation here appears as the terms of the two instruments are identical. ▮ In considering the meaning and effect of a judgment, just as in a contract, the individual clauses or provisions of the judgment are not to be separately considered and construed, but the entire document is to be construed as a whole in order to give effect to what was actually intended. (*In re Carr,* 65 Cal.App.2d 681 [151 P.2d 164] ; *Lazar* v. *Superior Court,* 16 Cal.2d 617 [107 P.2d 249].) The application of the rules for interpreting contracts, for which the appellant here contends, would lead to no different result. The rules thus contended for are to be applied when the provisions in question are so inconsistent that they cannot be reconciled or given effect under the usual rules. Section 1636 of the Civil Code provides that a contract must be so interpreted as to give it the effect intended, if this can be done. Section 1641 provides that each part of a contract shall be given effect, each clause helping to interpret the other. Section 1650 provides that particular clauses of a contract are subordinate to its general intent. Section 1652 provides that repugnancy in a contract must be reconciled, if possible, by an interpretation which will give some effect to both clauses, consistent with the intent and purpose of the entire contract. And section 1653 provides that "Words in a contract which are wholly inconsistent with its nature, or with the main intention of the parties, are to be rejected."

Paragraph nine of the will is not irreconcilable with the provision for the appellant in paragraph four, and each may be given an effect consistent with the other. Both are given such an effect under the construction adopted by the trial court, which rather clearly appears to have been what the testator intended.

The order and judgment appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.