STATE ex rel., MIDDLEMAS, Relator, v. DISTRICT COURT of FIRST JUDICIAL DIST. in and for LEWIS and CLARK COUNTY, et al., Respondents.

No. 9100.

Submitted July 10, 1951.   Decided July 31, 1951.

233 Pac. (2d) 1038.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Thomas F. Joyce, Asst. Atty. Gen., relator.

Mr. Thomas F. Joyce argued the case orally.

Mr. W. E. Coyle, Butte, for respondents.

Mr. Joyce and Mr. Coyle argued orally.

PER CURIAM.

Thomas Andy Kimery, accused by information filed May 12, 1951 in the district court of Marion County, Oregon, with the crime of felony, viz., "threatening injury with intent to extort," was two days later found in Butte, Mont, where he was apprehended by the Federal Bureau of Investigation and charged with unlawful flight in violation of the federal fugitive felony act, U. S. C. A., Title 18, section 1073. The purpose of this Act was neither to deny nor interfere with state extradition but merely to assist in the apprehension of fugitives. United States v. Brandenburg, 3 Cir., 144 F. (2d) 656, 659, 154 A. L. R. 1160; United States v. Miller, D. C., 17 F. Supp. 65, 68.

Upon learning of Kimery's apprehension in Montana the Governor of Oregon made demand upon the Governor of Montana for the extradition of Kimery.

Kimery resisted extradition. A hearing, at which Kimery appeared in person and with counsel, was held before the Governor of Montana, on June 13, 1951, following which the Governor found that Kimery was a fugitive from justice and issued a warrant for his arrest and directed that he be delivered "to Denver Young, the Agent of the Governor of the State of Oregon in order that he may be conveyed to the said State of Oregon to be there tried for the crime charged against him."

Both the states of Oregon and Montana have enacted the Uniform Criminal Extradition Act. The Montana Act is found in Chapter 501, R. C. M. 1947, sections 94-501-1 to 94-501-32 while the Oregon Act is found in Chapter 26, Compiled Laws of Oregon annotated, sections 26-2601 to 26-2628.

Following service upon him of the Governor's warrant, Kimery was granted a writ of habeas corpus by the Honorable George W. Padbury, Jr., one of the judges of the district court of the first judicial district in and for the county of Lewis and Clark.

Following a hearing held on July 20, 1951, Judge Padbury ordered Kimery discharged and the proceedings against him dismissed, saying that he acted "under authority of Robb v. Connolly, 111 U. S. 624 [4 S. Ct. 544], 28 L. Ed. 542."

Neither the case of Robb v. Connolly, supra, nor any other case to which this court has been cited is authority for disregarding the warrant issued by the Governor of the State of Montana or for refusal to honor the demand of the Governor of the State of Oregon for the return of Kimery to that state to face the charges there made against him.

The demand of the Governor for Kimery's extradition fully complied with the Uniform Criminal Extradition Act of that state.

The accusatory affidavit complied with the requirements of the Oregon Act and is sufficient under the statutes of both Oregon and Montana. See State v. Scott, 63 Or. 444, 128 Pac. 441; State v. Shannon, 95 Mont. 280, 26 Pac. (2d) 360; State v. Driscoll, 101 Mont. 348, 54 Pac. (2d) 571.

There was and is no merit whatever in any of the contentions advanced by Kimery in his petition for a writ of habeas corpus.

The order of Judge Padbury releasing Kimery from custody is not based upon the proposition that Kimery was not a fugitive from justice but purports to have been made solely "under the authority of the case of Robb v. Connolly, 111 U. S. 624 [4 S. Ct. 544, 28 L. Ed. 542]."

A careful reading of the Robb case shows that it did not consider the question of whether the accused, one Bayley, was a fugitive from the State of Oregon or the question of the sufficiency of the accusatory affidavit filed against Bayley in the demanding state or the sufficiency of the warrant of arrest appended thereto. The decision in the Robb case was based solely on the question of whether Robb, the agent of the State of Oregon, to whom the accused Bayley was delivered was guilty of contempt in refusing to produce Bayley before the California court upon the issuance of a writ of habeas corpus commanding him so to do.

In the Robb case, the court said: "Robb made return that he held Bayley 'under the authority of the United States,' as evidence whereof he produced a copy of the warrant of the governor of California, with his commission from the governor of Oregon, authorizing him to take and receive the prisoner as a fugitive from justice. He refused 'to produce said C. H. Bayley, on the ground that, under the laws of the United States, he ought not to produce said prisoner, because the honorable superior court has no power or authority to proceed in the premises.'" [111 U. S. 624, 4 S. Ct. 545.] The supreme court of California on appeal affirmed the order of the lower court in holding Robb guilty of contempt, for refusal to produce the prisoner. See In re Robb, 64 Cal. 431, 1 Pac. 881.

Thereafter the supreme court of the United States in affirming the decision of the supreme court of California, said in Robb v. Connolly, supra: "When a demand has been made, in accordance with the constitution of the United States, by the state from which the fugitive has fled, upon the executive authority of the state in which he is found, that instrument, indeed, makes it the duty of the latter to cause his arrest and surrender to the executive authority of the demanding state, or to the agent of such authority. * * * What we decide—and the present case requires nothing more—is, that, so far as the constitution and laws of the United States are concerned, it is competent for the courts of the state of California, or for any of her judges,—having power, under her laws, to issue writs of *habeas corpus*,—to determine upon writ of *habeas corpus*, whether the warrant of arrest and the delivery of the fugitive to the agent of the state of Oregon were in conformity with the statutes of the United States; if so, to remand him to the custody of the agent of Oregon. And since the alleged fugitive *was not, at the time the writ in question issued*, in the custody of the United States, by any of their tribunals or officers, the court or judge issuing it did not violate any right, privilege, or immunity secured by the constitution and laws of the United States, in requiring the production of the body of the fugitive upon the hearing of the return to the

writ, to the end that he might be discharged, if, upon hearing, it was adjudged that his detention was unauthorized by the act of congress providing for the arrest and surrender of fugitives from justice, *or by the laws of the state in which he was found.* The writ was without value or effect unless the body of the accused was produced.'' (Emphasis supplied.)

The habeas corpus proceedings in the case at bar are limited ▮ to the matters referred to in section 94-501-20 of the Uniform Criminal Extradition Act. Here the record and exhibits show the Governor received from the Governor of Oregon a copy of the affidavit made by the prosecuting witness, charging Kimery with a felony and also of the warrant of arrest issued by the judge of a district court of the state of Oregon and duly authenticated. That was sufficient in a habeas corpus proceeding to justify holding the petitioner. Hogan v. O'Neill, 255 U. S. 52, 41 S. Ct. 222, 65 L. Ed. 497. Compare: 22 Am. Jur., Extradition, p. 293, sec. 54; Munsey v. Clough, 196 U. S. 364, 25 S. Ct. 282, 49 L. Ed. 515; In re Harris, 309 Mass. 180, 34 N. E. (2d) 504, 135 A. L. R. 969 and note at page 973; Ex parte Germain, 258 Mass. 289, 155 N. E. 12, 51 A. L. R. 789 and note at page · 804; People ex rel. Carr v. Murray, 357 Ill. 326, 192 N. E. 198, 94 A. L. R. 1487.

Here the federal charge against Kimery had been on June 8, 1951 dismissed prior to the hearing before the Governor of Montana so that he was then being held on the charge filed against him in the district court of Marion County, Oregon.

The case of Robb v. Connolly, supra, decided in 1884, does not support or justify the order of Judge Padbury releasing Kimery from custody. Accordingly the order is set aside and vacated with directions for the sheriff to surrender Tommie Andy Kimery to the agent of the State of Oregon for return to that state. Let the writ issue forthwith.